Appeal by the defendant Hogeboom & Campfield, Inc., from judgments in negligence actions, found in the Supreme Court of Montgomery County, after a trial by jury, in favor of plaintiffs-respondents in the sum of $75,000 and $7,500 respectively. This defendant also appeals from the order denying its motion for a nonsuit and from the orders of the trial court denying its motion to set aside the verdicts of the jury. The eases arose out of an accident which happened on a highway known as Route 5-S in the county of Montgomery. This highway had been relocated because its original bed had been appropriated as a part of the New York State Thruway. According to the testimony, two hoses had been placed across the highway by the defendant corporation to supply water to an adjacent farmer whose former supply had been cut off. There was testimony that the hoses were broken from time to time by traffic and hoards were placed over them to protect them against such breakage. There was also testimony that in cold weather ice formed around these obstructions. The aceident happened on the early morning of December 16, 1952. Both plaintiffs were passengers in an automobile traveling over the highway at the time and it is their claim that the car in which they were riding struck a hump of ice in the highway at the place where the hose and boards existed. That by reason thereof the driver of the ear lost control of the same and it left the highway and crashed into a tree. As a result thereof very serious injuries were sustained by the plaintiff Anderson, and injuries were also sustained by the plaintiff Carpenter. Plaintiffs claimed that the defendant was negligent in placing such obstructions in the highway, and permitting them to exist in the condition they were in. The evidence given on the trial was sharply conflicting but presented so far as we can discover from the record nothing hut issues of fact for the jury. The issues of negligence and contributory negligence were submitted by the trial court in a charge that was comprehensive and fair, and to which no exceptions were taken by either counsel, nor were any requests to charge made by either counsel. No claim of excessiveness is made as to the verdict in favor of the plaintiff Anderson but the defendant claims that the verdict of $7,500 for Carpenter was excessive. We think in view of the injuries that the verdict was fairly within permissible limits. Judgment and order affirmed, with costs.
Foster, P. J., Bergan, Coon and Gibson, JJ., concur.